**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Robert West, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 17 C 344 |
| | ) | |
| Credit Control Services, Inc., d/b/a Credit Collection Services, a Delaware corporation, | ) | |
| | ) | |
| Defendant. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, Robert West, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) many of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

## PARTIES

3. Plaintiff, Robert West ("West"), is a resident of the State of New York, from whom Defendant attempted to collect a delinquent consumer debt owed to Geico for insurance premiums, despite the fact that he had exercised his right to be represented by the legal aid attorneys at the Chicago Legal Clinics' Legal Advocates for Consumers in Debt program ("LACD"), located in Chicago, Illinois.

4. Defendant, Credit Control Services, Inc., d/b/a Credit Collection Services ("CCS"), is a Delaware corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. CCS operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant CCS was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant CCS is authorized to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, see, records from the Illinois Secretary of State, attached as Exhibit A. In fact, Defendant CCS conducts extensive and substantial business in Illinois.

6. Defendant CCS is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Defendant CCS acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

7. Due to an accident, Mr. West was unemployed, which caused him to fall behind on paying his bills, including a debt he owed for insurance premiums to Geico. Defendant CCS thereafter began trying to collect this debt from Mr. West. This caused Mr. West to seek the assistance of the legal aid attorneys at the Chicago Legal Clinic's LACD program, regarding his financial difficulties and Defendant's collection actions.

8. Accordingly, via letter, dated November 29, 2016, one of Mr. West's attorneys at LACD informed Defendant, in writing, that Mr. West was represented by

counsel, and directed CCS to cease contacting him, and to direct all further collection activities to his attorneys at LACD, because Mr. West was forced, by his financial circumstances, to try and negotiate a payment plan as to his unsecured debt. A copy of this letter and fax confirmation is attached as Exhibit C.

9. Nonetheless, Defendant communicated directly with Mr. West, via a letter dated January 7, 2017, regarding payment of the Geico debt. A copy of this collection letter is attached as Exhibit D.

10. Defendant's violations of the FDCPA were material because, although Plaintiff had been informed by counsel and believed that he had the right to demand the collection communications made directly to him cease and, instead, be directed towards his attorneys, Defendant's continued collection communications made Plaintiff believe that his demand had been futile and that he did not have the rights Congress had granted him under the FDCPA.

11. Moreover, violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, 827 (7th Cir. 2012). Here, Defendant's actions caused Plaintiff to question whether he was still represented by counsel as to this debt, which caused stress and confusion.

12. Defendant's collection actions complained of herein (Exhibit D) occurred within one year of the date of this Complaint.

13. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications**

14. Plaintiff adopts and realleges ¶¶ 1-13.

15. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer and continuing to demand payment after a direction to cease communications. See, 15 U.S.C. § 1692c(c).

16. Here, the letter from Mr. West's attorney/agent, LACD, told Defendant to cease communications with Mr. West (Exhibit C). By continuing to communicate via a letter regarding the debt and demanding payment from Mr. West (Exhibit D), Defendant CCS violated § 1692c(c) of the FDCPA.

17. Defendant's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

18. Plaintiff adopts and realleges ¶¶ 1-13.

19. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

20. Defendant CCS knew that Mr. West was represented by counsel in connection with his debts because his attorneys at LACD had informed Defendant CCS, in writing (Exhibit C), that he was represented by counsel, and had directed Defendant

to cease directly communicating with him. By directly sending Mr. West a collection letter (Exhibit D), despite being advised that he was represented by counsel, Defendant CCS violated § 1692c(a)(2) of the FDCPA.

21. Defendant's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C.§1692k.

**PRAYER FOR RELIEF**

Plaintiff, Robert West, prays that this Court:

1. Find that Defendant CCS's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Mr. West and against Defendant CCS, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by§1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Robert West, demands trial by jury.

Robert West,
By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: January 17, 2017

David J. Philipps (Ill. Bar No. 06196285)
Mary E. Philipps (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com